## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ALLERGAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDOZ, INC., ALCON LABORATORIES, INC., ALCON RESEARCH, LTD., FALCON PHARMACEUTICALS, LTD., APOTEX, INC., APOTEX CORP., AND WATSON LABORATORIES, INC. <br><br> Defendants. | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

### PLAINTIFF ALLERGAN, INC.'S COMPLAINT AGAINST SANDOZ, INC., ALCON RESEARCH, LTD., ALCON LABORATORIES, INC., FALCON PHARMACEUTICALS, LTD., APOTEX INC., APOTEX CORP., AND WATSON PHARMACEUTICALS, INC.

Plaintiff Allergan, Inc. ("Allergan" or "Plaintiff") by its attorneys, Stevens, Love, Hill, & Holt PLLC and Fish & Richardson P.C., for its complaint against Defendants Sandoz, Inc. ("Sandoz"); Alcon Research, Ltd., Alcon Laboratories, Inc., and Falcon Pharmaceuticals, Ltd. (collectively, "Alcon"); Apotex, Inc. and Apotex Corp. (collectively, "Apotex"); and Watson Laboratories, Inc. ("Watson," together with Sandoz, Alcon, and Apotex, "Defendants") alleges as follows:

### The Nature of the Action

1. This is an action for infringement of United States Patents No. 8,133,890 (the "'890 patent") under 35 U.S.C. § 271 (e)(2) and for Declaratory Judgment of infringement under 28 U.S.C. §§ 2201-02 and 35 U.S.C. § 271(a), (b) and (c).

### The Parties

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 1**

2.     Allergan is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2525 Dupont Drive, Irvine, California 92612.

3.     On information and belief, defendant Sandoz, Inc. is a Colorado corporation with its principal place of business at 506 Carnegie Center, Suite 400, Princeton, New Jersey 08540.

4.     On information and belief, defendant Alcon Research, Ltd. is a corporation incorporated under the laws of the State of Delaware, having a principal place of business in Texas.  On information and belief, defendant Alcon Laboratories, Inc. is a corporation incorporated under the laws of the State of Delaware, and is headquartered in Fort Worth, Texas. On information and belief, Falcon Pharmaceuticals, Ltd. is a corporation incorporated under the laws of the State of Texas, having a principal place of business in Texas.

5.     On information and belief, defendant Apotex, Inc. is a Canadian corporation with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.  On information and belief, defendant Apotex Corp. is a Delaware corporation with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida, 33326.

6.     On information and belief, defendant Watson Laboratories, Inc. is a Nevada corporation with a place of business at 400 Interpace Parkway, Parsippany, NJ 07054.

7.     On information and belief, Defendants are in the business of manufacturing, distributing and selling generic drugs throughout the United States, including in this judicial jurisdiction.

### Jurisdiction and Venue

8.     This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq* and the Declaratory Judgment Act.  This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9.     This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Allergan, and the cause of action Allergan has raised, as alleged herein.

10.     This Court has personal jurisdiction over defendant Sandoz, Inc. because it, either directly or through an agent, regularly does or solicits business in this jurisdiction, engages in other persistent courses of conduct in this jurisdiction, and/or derives substantial revenue from services or things used or consumed in this jurisdiction.

11.     On information and belief, Sandoz, Inc. is a licensed drug distributor in Texas.

12.     On information and belief, drug products of Sandoz, Inc. are listed on the Texas prescription drug formulary.

13.     On information and belief, Sandoz, Inc. markets and sells generic drugs manufactured by Sandoz, Inc. throughout the United States, including this judicial district.  On information and belief, Sandoz, Inc. sold approximately $840 million of its products in Texas in 2008, with at least $50 million of those sales in this judicial district.

14.      This Court has personal jurisdiction over defendants Apotex, Inc. and Apotex Corp. because they, either directly or through an agent, regularly do or solicit business in this jurisdiction, engage in other persistent courses of conduct in this jurisdiction, and/or derive substantial revenue from services or things used or consumed in this jurisdiction.

15.     On information and belief, Apotex, Inc. and Apotex Corp. are agents of each other and/or work in active concert with respect to the development, regulatory approval, marketing, sale and distribution of pharmaceutical products, including the generic brimonidine tartrate/timolol maleate ophthalmic solution 0.2%/0.5% described in ANDA No. 91-442.

16.     On information and belief, defendant Apotex Corp. is a licensed drug distributor in Texas.

17.     On information and belief, defendant Apotex, Inc.'s drug products are listed on the Texas prescription drug formulary.

18.     On information and belief, defendant Apotex Corp. markets and sells numerous generic drugs, manufactured and supplied by Apotex, Inc., throughout the United States, including this judicial district.  On information and belief, in 2009 Apotex Corp. sold nearly $700 million worth of Apotex, Inc. products in Texas, over $50 million of which were sold in this judicial district.

19.     This Court has personal jurisdiction over defendant Watson Laboratories, Inc. because it, either directly or through an agent, regularly does or solicits business in this jurisdiction, engages in other persistent courses of conduct in this jurisdiction, and/or derives substantial revenue from services or things used or consumed in this jurisdiction.

20.     On information and belief, drug products of Watson Laboratories, Inc. are listed on the Texas prescription drug formulary.

21.     On information and belief, drug products of Watson Laboratories are marketed and sold throughout the United States, including this judicial district, by its agent Watson Pharma.  On information and belief, Watson Pharma had over $825 million in sales in Texas alone, and at least $50 million of those sales were in this judicial district.

22.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## Background

23.     The '890 patent, entitled "Combination of brimonidine and timolol for topical ophthalmic use," issued to Chin-Ming Chang, Gary J. Beck, Cynthia C. Pratt, and Amy L. Batoosingh on March 13, 2012.  A copy of the '890 patent is attached to this complaint as A.

24.     Allergan, as assignee, owns the entire right, title, and interest in the '890 patent.

25.     Allegan is the holder of an approved New Drug Application ("NDA") No. 21-398 for brimonidine tartrate/timolol maleate ophthalmic solution 0.2%/0.5%, sold under the Combigan® trademark.

26.     In conjunction with that NDA, Allergan has listed with the United States Food and Drug Administration ("FDA") five patents that cover the approved formulation or methods of using the approved formulation of Combigan®.  The listed patents are U.S. Patent Nos. 7,030,149, 7,320,976, 7,323,463, 7,642,258, and the '890 patent (collectively, "the Listed Patents").  The FDA has published these five patents in the Approved Drug Products with Therapeutic Equivalence Evaluations, commonly referred to as the "Orange Book."

27.     Combigan® or approved methods of using Combigan® are covered by at least one claim of each of the Listed Patents, including the '890 patent.

28.     On November 20, 2008, defendant Sandoz submitted its ANDA No. 91-087 to the FDA, seeking approval to commercially manufacture, use, offer for sale, or sell a generic version of Combigan®.  Sandoz's ANDA No. 91-087 received tentative approval from the FDA on May 11, 2011.

29.     On May 27, 2009, Alcon submitted its Abbreviated New Drug Application No. 91-574 to the FDA, seeking approval to commercially manufacture, use, offer for sale, or sell a generic version of Combigan®.  Alcon's ANDA No. 91-574 received tentative approval from the FDA on August 3, 2010.

30.     On January 29, 2010, defendant Apotex submitted its ANDA No. 91-442 to the FDA, seeing approval to commercially manufacture, use, offer for sale, or sell a generic version of Combigan®.

31.     On May 7, 2010, defendant Watson submitted its ANDA No. 201949 to the FDA, seeing approval to commercially manufacture, use, offer for sale, or sell a generic version of Combigan®.

32.     In an August 22, 2011 opinion, the District Court for the Eastern District of Texas found that Defendants' proposed generic versions of Combigan® infringed U.S. Patent Nos. 7,030,149, 7,320,976, 7,323,463, and 7,642,258, and that those patents were not invalid.  The Court entered an injunction order on August 25, 2011 stating that Defendants were enjoined from manufacturing their proposed generic versions of Combigan® until the latest of the expiration dates of U.S. Patent Nos. 7,030,149, 7,320,976, 7,323,463, and 7,642,258.

33.     In filing their ANDAs, Defendants have each requested the FDA's approval to market a generic version of Allergan's Combigan® product throughout the United States, including in Texas.

34.     On information and belief, following FDA approval of ANDA Nos. 91-087, 91-574, 91-442, and 201949, each of the Defendants will sell the approved generic version of Allergan's Combigan® product throughout the United States, including in Texas.

## Count I
**(Infringement of the '890 Patent Under 35 U.S.C. § 271(e)(2) by Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

35.     Paragraphs 1 to 34 are incorporated herein as set forth above.

36.     Sandoz submitted ANDA No. 91-087 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use or sale of its proposed

Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% throughout the United States.  By submitting this application, Sandoz has committed an act of infringement of the '890 patent under 35 U.S.C. § 271(e)(2)(A).

37.     The commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of infringement of the '890 patent.

38.     On information and belief, Sandoz became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

39.     On information and belief, Sandoz knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce and contribute to the actual infringement of the '890 patent.

40.     On information and belief, Sandoz knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made for or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively contribute to the actual infringement of the '890 patent.

41.     The commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% in violation of Allergan's patent rights will cause harm to Allergan for which damages are inadequate.

## Count II

### (Declaratory Judgment of Infringement of the '890 Patent Under 35 U.S.C. § 271(a) by Sandoz)

42.     Paragraphs 1 to 41 are incorporated herein as set forth above.

43.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

44.     There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

45.     The commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of direct infringement of one or more claims of the '890 patent.

46.     On information and belief, Sandoz will engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% immediately and imminently upon approval of ANDA No. 91-087.

47.     The foregoing actions by Sandoz will constitute infringement of the '890 patent.

48.     Sandoz will commit those acts of infringement without license or authorization.

49.     Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Sandoz will infringe the '890 patent.

50.     Unless Sandoz is enjoined from infringing the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

51.    On information and belief, Sandoz became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

52.    On information and belief, Sandoz has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%.

53.    Sandoz's actions indicate a refusal to change the course of its actions in the face of acts by Allergan.

54.    On information and belief, Sandoz has acted, and will continue to act, with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for infringing the '890 patent.

55.    On information and belief, despite having actual notice of the '890 patent, Sandoz continues to willfully, wantonly, and deliberately prepare to infringe the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## Count III

**(Declaratory Judgment of Infringement of the '890 Patent under 35 U.S.C. § 271(b) and (c) by Sandoz's Proposed Generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

56.    Paragraphs 1 to 55 are incorporated herein as set forth above.

57.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

58.    There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

59.    Sandoz has actual knowledge of the '890 patent.

PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 9

60.     On information and belief, Sandoz became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

61.     On information and belief, Sandoz has acted with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '890 patent.

62.     The commercial manufacture, use, sale, offer for sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will induce the actual infringement of the '890 patent.

63.     On information and belief, Sandoz knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce the actual infringement of the '890 patent.

64.     On information and belief, Sandoz will encourage another's infringement of the '890 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which is covered by certain claims of the '890 patent.

65.     Sandoz's acts of infringement will be done with knowledge of the '890 patent and with the intent to encourage infringement.

66.     The foregoing actions by Sandoz will constitute active inducement of infringement of the '890 patent.

67.     On information and belief, Sandoz knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be

PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 10

especially made or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

68.     The commercial manufacture, use, sale, offer for sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

69.     On information and belief, Sandoz knows or should know that its offer for sale, sale and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

70.     The foregoing actions by Sandoz will constitute contributory infringement of the '890 patent.

71.     On information and belief, Sandoz intends to, and will, actively induce and contribute to the infringement of the '890 patent when ANDA No. 91-087 is approved, and plan and intend to, and will, do so immediately and imminently upon approval.

72.     Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Sandoz will induce and/or contribute to infringement of the '890 patent.

73.     The commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which will actively induce and/or contribute to infringement of the '890 patent, in violation of Allergan's patent rights, will cause harm to Allergan for which damages are inadequate.

74. Unless Sandoz is enjoined from actively inducing and contributing to the infringement of the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

75. On information and belief, despite having actual notice of the '890 patent, Sandoz continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## Count IV

**(Infringement of the '890 Patent Under 35 U.S.C. § 271(e)(2) by Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

76. Paragraphs 1 to 75 are incorporated herein as set forth above.

77. Alcon submitted ANDA No. 91-574 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use or sale of its proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% throughout the United States. By submitting this application, Alcon has committed an act of infringement of the '890 patent under 35 U.S.C. § 271(e)(2)(A).

78. The commercial manufacture, use, offer for sale, sale and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of infringement of the '890 patent.

79. On information and belief, Alcon became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

80. On information and belief, Alcon knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine

Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce and contribute to the actual infringement of the '890 patent.

81.     On information and belief, Alcon knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made for or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively contribute to the actual infringement of the '890 patent.

82.     The commercial manufacture, use, offer for sale, sale and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% in violation of Allergan's patent rights will cause harm to Allergan for which damages are inadequate.

## Count V

### (Declaratory Judgment of Infringement of the '890 Patent Under 35 U.S.C. § 271(a) by Alcon)

83.     Paragraphs 1 to 82 are incorporated herein as set forth above.

84.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

85.     There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

86.     The commercial manufacture, use, offer for sale, sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of direct infringement of one or more claims of the '890 patent.

87.     On information and belief, Alcon will engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% immediately and imminently upon approval of ANDA No. 91-574.

88.     The foregoing actions by Alcon will constitute infringement of the '890 patent.

89.     Alcon will commit those acts of infringement without license or authorization.

90.     Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Alcon will infringe the '890 patent.

91.     Unless Alcon is enjoined from infringing the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

92.     On information and belief, Alcon became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

93.     On information and belief, Alcon has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%.

94.     Alcon's actions indicate a refusal to change the course of its actions in the face of acts by Allergan.

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 14**

95.      On information and belief, Alcon has acted, and will continue to act, with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for infringing the '890 patent.

96.      On information and belief, despite having actual notice of the '890 patent, Alcon continues to willfully, wantonly, and deliberately prepare to infringe the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## Count VI

**(Declaratory Judgment of Infringement of the '890 Patent under 35 U.S.C. § 271(b) and (c) by Alcon's Proposed Generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

97.      Paragraphs 1 to 96 are incorporated herein as set forth above.

98.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

99.      There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

100.    Alcon has actual knowledge of the '890 patent.

101.    On information and belief, Alcon became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

102.    On information and belief, Alcon has acted with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '890 patent.

103.    The commercial manufacture, use, sale, offer for sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will induce the actual infringement of the '890 patent.

104.    On information and belief, Alcon knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce the actual infringement of the '890 patent.

105.    On information and belief, Alcon will encourage another's infringement of the '890 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which is covered by certain claims of the '890 patent.

106.    Alcon's acts of infringement will be done with knowledge of the '890 patent and with the intent to encourage infringement.

107.    The foregoing actions by Alcon will constitute active inducement of infringement of the '890 patent.

108.    On information and belief, Alcon knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

109.    The commercial manufacture, use, sale, offer for sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

110.    On information and belief, Alcon knows or should know that its offer for sale, sale and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

111.   The foregoing actions by Alcon will constitute contributory infringement of the '890 patent.

112.   On information and belief, Alcon intends to, and will, actively induce and contribute to the infringement of the '890 patent when ANDA No. 91-574 is approved, and plan and intend to, and will, do so immediately and imminently upon approval.

113.   Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Alcon will induce and/or contribute to infringement of the '890 patent.

114.   The commercial manufacture, use, offer for sale, sale and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which will actively induce and/or contribute to infringement of the '890 patent, in violation of Allergan's patent rights, will cause harm to Allergan for which damages are inadequate.

115.   Unless Alcon is enjoined from actively inducing and contributing to the infringement of the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

116.   On information and belief, despite having actual notice of the '890 patent, Alcon continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### Count VII

**(Infringement of the '890 Patent Under 35 U.S.C. § 271(e)(2) by Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

117.    Paragraphs 1 to 116 are incorporated herein as set forth above.

118.    Apotex submitted ANDA No. 91-442 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use or sale of its proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% throughout the United States.  By submitting this application, Apotex has committed an act of infringement of the '890 patent under 35 U.S.C. § 271(e)(2)(A).

119.    The commercial manufacture, use, offer for sale, sale and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of infringement of the '890 patent.

120.    On information and belief, Apotex became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

121.    On information and belief, Apotex knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce and contribute to the actual infringement of the '890 patent.

122.    On information and belief, Apotex knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made for or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively contribute to the actual infringement of the '890 patent.

PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 18

123.    The commercial manufacture, use, offer for sale, sale and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% in violation of Allergan's patent rights will cause harm to Allergan for which damages are inadequate.

**Count VIII**

**(Declaratory Judgment of Infringement of the '890 Patent Under 35 U.S.C. § 271(a) by Apotex)**

124.    Paragraphs 1 to 123 are incorporated herein as set forth above.

125.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

126.    There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

127.    The commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of direct infringement of one or more claims of the '890 patent.

128.    On information and belief, Apotex will engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% immediately and imminently upon approval of ANDA No. 91-442.

129.    The foregoing actions by Apotex will constitute infringement of the '890 patent.

130.    Apotex will commit those acts of infringement without license or authorization.

131.    Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's proposed generic

Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Apotex will infringe the '890 patent.

132.    Unless Apotex is enjoined from infringing the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

133.    On information and belief, Apotex became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

134.    On information and belief, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%.

135.    Apotex's actions indicate a refusal to change the course of its actions in the face of acts by Allergan.

136.    On information and belief, Apotex has acted, and will continue to act, with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for infringing the '890 patent.

137.    On information and belief, despite having actual notice of the '890 patent, Apotex continues to willfully, wantonly, and deliberately prepare to infringe the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## Count IX

**(Declaratory Judgment of Infringement of the '890 Patent under 35 U.S.C. § 271(b) and (c) by Apotex's Proposed Generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

138.    Paragraphs 1 to 137 are incorporated herein as set forth above.

139.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

140.    There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

141.    Apotex has actual knowledge of the '890 patent.

142.    On information and belief, Apotex became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

143.    On information and belief, Apotex has acted with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '890 patent.

144.    The commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will induce the actual infringement of the '890 patent.

145.    On information and belief, Apotex knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce the actual infringement of the '890 patent.

146.    On information and belief, Apotex will encourage another's infringement of the '890 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which is covered by certain claims of the '890 patent.

147.    Apotex's acts of infringement will be done with knowledge of the '890 patent and with the intent to encourage infringement.

PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 21

148. The foregoing actions by Apotex will constitute active inducement of infringement of the '890 patent.

149. On information and belief, Apotex knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

150. The commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

151. On information and belief, Apotex knows or should know that its offer for sale, sale and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

152. The foregoing actions by Apotex will constitute contributory infringement of the '890 patent.

153. On information and belief, Apotex intends to, and will, actively induce and contribute to the infringement of the '890 patent when ANDA No. 91-442 is approved, and plan and intend to, and will, do so immediately and imminently upon approval.

154. Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Apotex will induce and/or contribute to infringement of the '890 patent.

155. The commercial manufacture, use, offer for sale, sale and/or importation of Apotex's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution,

0.2%/0.5%, which will actively induce and/or contribute to infringement of the '890 patent, in violation of Allergan's patent rights, will cause harm to Allergan for which damages are inadequate.

156.    Unless Apotex is enjoined from actively inducing and contributing to the infringement of the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

157.    On information and belief, despite having actual notice of the '890 patent, Apotex continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### Count X
**(Infringement of the '890 Patent Under 35 U.S.C. § 271(e)(2) by Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)**

158.    Paragraphs 1 to 157 are incorporated herein as set forth above.

159.    Watson submitted ANDA No. 201949 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use or sale of its proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% throughout the United States.  By submitting this application, Watson has committed an act of infringement of the '890 patent under 35 U.S.C. § 271(e)(2)(A).

160.    The commercial manufacture, use, offer for sale, sale and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of infringement of the '890 patent.

161.    On information and belief, Watson became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

162.   On information and belief, Watson knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce and contribute to the actual infringement of the '890 patent.

163.   On information and belief, Watson knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made for or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively contribute to the actual infringement of the '890 patent.

164.   The commercial manufacture, use, offer for sale, sale and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% in violation of Allergan's patent rights will cause harm to Allergan for which damages are inadequate.

## Count XI
### (Declaratory Judgment of Infringement of the '890 Patent Under 35 U.S.C. § 271(a) by Watson)

165.   Paragraphs 1 to 164 are incorporated herein as set forth above.

166.   These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

167.   There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 24

168.    The commercial manufacture, use, offer for sale, sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will constitute an act of direct infringement of one or more claims of the '890 patent.

169.    On information and belief, Watson will engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% immediately and imminently upon approval of ANDA No. 201949.

170.    The foregoing actions by Watson will constitute infringement of the '890 patent.

171.    Watson will commit those acts of infringement without license or authorization.

172.    Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Watson will infringe the '890 patent.

173.    Unless Watson is enjoined from infringing the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

174.    On information and belief, Watson became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

175.    On information and belief, Watson has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%.

176.    Watson's actions indicate a refusal to change the course of its actions in the face of acts by Allergan.

177.    On information and belief, Watson has acted, and will continue to act, with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for infringing the '890 patent.

178.    On information and belief, despite having actual notice of the '890 patent, Watson continues to willfully, wantonly, and deliberately prepare to infringe the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## Count XII

### (Declaratory Judgment of Infringement of the '890 Patent under 35 U.S.C. § 271(b) and (c) by Watson's Proposed Generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%)

179.    Paragraphs 1 to 178 are incorporated herein as set forth above.

180.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

181.    There is an actual case or controversy such that the Court may entertain Allergan's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

182.    Watson has actual knowledge of the '890 patent.

183.    On information and belief, Watson became aware of the '890 patent no later than the date on which that patent was listed in the Orange Book.

184.    On information and belief, Watson has acted with full knowledge of the '890 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '890 patent.

185.    The commercial manufacture, use, sale, offer for sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will induce the actual infringement of the '890 patent.

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 26**

186.    On information and belief, Watson knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will actively induce the actual infringement of the '890 patent.

187.    On information and belief, Watson will encourage another's infringement of the '890 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which is covered by certain claims of the '890 patent.

188.    Watson's acts of infringement will be done with knowledge of the '890 patent and with the intent to encourage infringement.

189.    The foregoing actions by Watson will constitute active inducement of infringement of the '890 patent.

190.    On information and belief, Watson knows or should know that its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will be especially made or especially adapted for use in an infringement of the '890 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

191.    The commercial manufacture, use, sale, offer for sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

192.    On information and belief, Watson knows or should know that its offer for sale, sale and/or importation of its proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% will contribute to the actual infringement of the '890 patent.

193.    The foregoing actions by Watson will constitute contributory infringement of the '890 patent.

194.    On information and belief, Watson intends to, and will, actively induce and contribute to the infringement of the '890 patent when ANDA No. 201949 is approved, and plan and intend to, and will, do so immediately and imminently upon approval.

195.    Allergan is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% by Watson will induce and/or contribute to infringement of the '890 patent.

196.    The commercial manufacture, use, offer for sale, sale and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, which will actively induce and/or contribute to infringement of the '890 patent, in violation of Allergan's patent rights, will cause harm to Allergan for which damages are inadequate.

197.    Unless Watson is enjoined from actively inducing and contributing to the infringement of the '890 patent, Allergan will suffer irreparable injury for which damages are an inadequate remedy.

198.    On information and belief, despite having actual notice of the '890 patent, Watson continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '890 patent in disregard of Allergan's rights, making this case exceptional and entitling Allergan to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**Jury Trial Demand**

Pursuant to Federal Rule of Civil Procedure 38(b), Allergan hereby demands a trial by jury of all issues so triable.

## Prayer for Relief

Plaintiffs respectfully pray for the following relief:

a.      That judgment be entered that Sandoz has infringed the '890 patent under 35 U.S.C. § 271(e)(2)(A) by submitting an ANDA under section 505(j) of the Federal Food, Drug, and Cosmetic Act, and that the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% product will constitute an act of infringement of the '890 patent;

b.      That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Sandoz's ANDA shall be a date which is not earlier than the expiration date of the '890 patent, as extended by any applicable period of exclusivity;

c.      Than an injunction be issued under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Sandoz, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product covered by the '890 patent;

d.      If Sandoz attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Sandoz's generic product disclosed in its ANDA prior to the expiration of the '890 patent, as extended by any applicable period of exclusivity, a preliminary injunction be entered enjoining such conduct;

e.      If Sandoz attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Sandoz's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, judgment awarding Allergan damages resulting from such infringement under 35 U.S.C. § 271(e)(4)(C), increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

f.      That a declaration be issued under 28 U.S.C. § 2201 that if Sandoz, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, it will constitute an act of infringement of the '890 patent;

g.      That judgment be entered that Alcon has infringed the '890 patent under 35 U.S.C. § 271(e)(2)(A) by submitting an ANDA under section 505(j) of the Federal Food, Drug, and Cosmetic Act, and that the commercial manufacture, use, offer for sale, sale and/or importation of Alcon's proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% product will constitute an act of infringement of the '890 patent;

h.      That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Alcon's ANDA shall be a date which is not earlier than the expiration date of the '890 patent, as extended by any applicable period of exclusivity;

i.      Than an injunction be issued under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Alcon, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale

within the United States, or importation into the United States, of any drug product covered by the '890 patent;

j.    If Alcon attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Alcon's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, a preliminary injunction be entered enjoining such conduct;

k.    If Alcon attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Alcon's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, judgment awarding Allergan damages resulting from such infringement under 35 U.S.C. § 271(e)(4)(C), increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

l.    That a declaration be issued under 28 U.S.C. § 2201 that if Alcon, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Alcon's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, it will constitute an act of infringement of the '890 patent;

m.    That judgment be entered that Apotex has infringed the '890 patent under 35 U.S.C. § 271(e)(2)(A) by submitting an ANDA under section 505(j) of the Federal Food, Drug, and Cosmetic Act, and that the commercial manufacture, use, offer for sale, sale and/or importation of Apotex's proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% product will constitute an act of infringement of the '890 patent;

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 31**

n.      That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Apotex's ANDA shall be a date which is not earlier than the expiration date of the '890 patent, as extended by any applicable period of exclusivity;

o.      Than an injunction be issued under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Apotex, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product covered by the '890 patent;

p.      If Apotex attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Apotex's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, a preliminary injunction be entered enjoining such conduct;

q.      If Apotex attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Apotex's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, judgment awarding Allergan damages resulting from such infringement under 35 U.S.C. § 271(e)(4)(C), increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

r.      That a declaration be issued under 28 U.S.C. § 2201 that if Apotex, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Apotex's

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 32**

proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, it will constitute an act of infringement of the '890 patent;

s.      That judgment be entered that Watson has infringed the '890 patent under 35 U.S.C. § 271(e)(2)(A) by submitting an ANDA under section 505(j) of the Federal Food, Drug, and Cosmetic Act, and that the commercial manufacture, use, offer for sale, sale and/or importation of Watson's proposed Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5% product will constitute an act of infringement of the '890 patent;

t.      That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Watson's ANDA shall be a date which is not earlier than the expiration date of the '890 patent, as extended by any applicable period of exclusivity;

u.      Than an injunction be issued under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Watson, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product covered by the '890 patent;

v.      If Watson attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Watson's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, a preliminary injunction be entered enjoining such conduct;

w.      If Watson attempts to engage in the commercial manufacture, use, offer to sell, sale or importation of Watson's generic product disclosed in its ANDA prior to the expiration of the '890 patents, as extended by any applicable period of exclusivity, judgment awarding

Allergan damages resulting from such infringement under 35 U.S.C. § 271(e)(4)(C), increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

x.      That a declaration be issued under 28 U.S.C. § 2201 that if Watson, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's proposed generic Brimonidine Tartrate and Timolol Maleate Ophthalmic Solution, 0.2%/0.5%, it will constitute an act of infringement of the '890 patent;

y.      That this is an exceptional case under 35 U.S.C. § 285, and that Allergan be awarded reasonable attorneys' fees and costs;

z.      An accounting for infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales; and

aa.     That this Court award such other and further relief as it may deem just and proper.

**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 34**

Dated:  April 13, 2012                Respectfully submitted,


                                      By:    /s/ *Gregory P. Love*
                                             Gregory P. Love (TX Bar No. 24013060)
                                             greg@stevenslove.com
                                             Todd Y. Brandt (TX Bar No. 24027051)
                                             todd@stevenslove.com
                                             STEVENS LOVE
                                             P.O. Drawer 3427
                                             Longview, TX 75606
                                             Telephone:  (903) 753-6760
                                             Facsimile: (903) 753-6761

                                             Juanita Brooks
                                             brooks@fr.com
                                             FISH & RICHARDSON P.C.
                                             12390 El Camino Real
                                             San Diego, CA 92130
                                             Telephone: (858) 678-5070
                                             Facsimile: (858) 678-5099

                                             Jonathan E. Singer
                                             singer@fr.com
                                             Deanna J. Reichel
                                             reichel@fr.com
                                             FISH & RICHARDSON P.C.
                                             60 South Sixth Street, Suite 3200
                                             Minneapolis, MN  55402
                                             Telephone:  (612) 335-5070
                                             Facsimile:  (612) 288-9696

                                             W. Chad Shear
                                             Texas Bar No. 24013493
                                             shear@fr.com
                                             Susan M. Coletti
                                             coletti@fr.com
                                             FISH & RICHARDSON P.C.
                                             222 Delaware Avenue, 17th Floor
                                             Wilmington, DE 19899
                                             Telephone:  (302) 652-5070
                                             Facsimile:  (302) 652-0607

                                      Counsel for Plaintiff
                                      ALLERGAN, INC.


**PLAINTIFF ALLERGAN, INC.'S COMPLAINT – Page 35**