IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALLERGAN, INC., | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. 2:12-cv-207-JRG |
| v. | § |
| | § |
| SANDOZ INC., et al. | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Before the Court is Defendants' Motion to Stay Proceedings. (Dkt. No. 42.) Since filing this Motion, Sandoz Inc., Alcon Laboratories, Inc., Alcon Research, Ltd., and Falcon Pharmaceuticals, Ltd. have expressly withdrawn their support of the Motion to Stay. (*See* Dkt. No. 93). Apotex, Inc., Apotex Corp., and Watson Laboratories, Inc. continue to support and wage this Motion. After considering the parties' written submissions, the Court **DENIES** Defendants' Motion.

### II. Facts

This is a Hatch-Waxman case involving U.S. Patent No. 8,133,890 ("the '890 patent"); a patent relating to glaucoma treatment. The '890 patent stems from and claims priority to the same parent application, shares the same specification, and expires on the same date as four related patents filed in an earlier case, *Allergan, Inc. v. Sandoz Inc., et al.*, CA No. 2:09-cv-97 ("*Brim Tim I*"). In *Brim Tim I*, Allergan sought and won an injunction precluding Defendants from launching a generic version of its glaucoma medication, Combigan®. *Brim Tim I* is currently on appeal to the Federal Circuit; oral argument has been heard and a decision from that Court should issue soon.

The parties do not dispute that a ruling by the Federal Circuit in favor of Allergan is likely to resolve this case.

Defendants move for a stay pending the outcome of the *Brim Tim I* appeal because Allergan already has the relief it seeks in this case, i.e. an injunction barring Defendants from launching their proposed generic products. Defendants argue that since an affirmance will moot the issues in this case, a stay will only simplify the issues and promote judicial economy. In response, Allergan emphasizes that while an affirmance may well obviate this case, a stay followed by a reversal on appeal will cause irreparable harm to Allergan if Defendants are able to launch their generic copies of Combigan® before a preliminary injunction issues in the present case. Allergan filed a Motion for Preliminary Injunction on February 7, 2013 that is pending before this Court. (Dkt. No. 78.)

### III. Applicable Law

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC,* 356 F. Supp. 2d at 662.

**IV. Analysis**

Each of the three factors weighs against granting a stay. In a particular sense, staying this action will likely cause undue prejudice to Allergan. In a general sense, all plaintiffs have an interest in the timely enforcement of patent rights. Although the patents in this case and *Brim Tim I* are related, the '890 patent is a different patent and it contains different limitations. Additionally, this Court has repeatedly emphasized that the uncertain outcome of reexamination proceedings often weighs against granting a stay. *See, e.g., Ambato Media, LLC v. Clarion Co., Ltd., et al.,* 2:09-cv-242, 2012 U.S. Dist. LEXIS 7558, at *6 (E.D. Tex. Jan. 23, 2012). The outcome of an appeal is no less uncertain. The first factor under the *Soverain* test weighs against a stay.

The second factor is whether a stay would simplify the issues in this case. The parties agree that a ruling in Allergan's favor would likely resolve this case. However, the outcome of *Brim Tim I* on appeal is yet to be decided. Further, even if Defendants prevail, the Federal Circuit's decision may have little bearing on the issues in this case. An appellate decision on different patents with different limitations will not necessarily impact the validity and infringement issues here. The second *Soverain* factor also weighs against a stay.

The third factor is whether discovery is complete and whether a trial date is set. This case has been pending for almost a year. Allergan has filed a Motion for Preliminary Injunction and the parties have started claim construction briefing for the *Markman* hearing, which is set for May 31, 2013. Discovery is still ongoing in the present case and jury selection is scheduled for January 6, 2014. On the other hand, oral argument has already been held in *Brim Tim I* and both parties expect the appellate decision to issue in the first half of 2013. As a result, a stay of only one or two months would not serve judicial economy or conserve party resources in a meaningful way. On balance, the third *Soverain* factor weighs slightly against a stay.

## V. Conclusion

To differing degrees, all the relevant factors required to be analyzed under the *Soverain* case weigh against the granting of a stay pending conclusion of the *Brim Tim I* appeal. Accordingly, the Court **DENIES** Defendants' Motion to Stay Proceedings (Dkt. No. 42).

**So ORDERED and SIGNED this 25th day of March, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE